UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

FILED
SEP 25 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

JULIA RIELINGER, : Case No. 1:25 CV 2036

Plaintiff, :

v. : Judge:

CLEVELAND CHINATOWN : **JUDGE FLEMING**

DEVELOPMENT LLC, :

Defendants.

**EMERGENCY MOTION FOR EX PARTE TEMPORARY RESTRAINING**

**ORDER AND PRELIMINARY INJUNCTION**

Plaintiff Julia Rielinger respectfully moves this Court for an Emergency Ex Parte Temporary Restraining Order and Preliminary Injunction pursuant to Fed. R. Civ. P. 65. The Cleveland Municipal Court has entered an eviction judgment against Plaintiff with a scheduled move-out date of September 26, 2025. Enforcement of this judgment will deprive Plaintiff of her constitutional rights to due process and obstruct urgent public health investigations.

**I. BACKGROUND**

1. Plaintiff is a domiciliary of New Hampshire. She signed a lease in 2021 on behalf of Sara Mellott Real Estate Dev LLC, but ceased to be an agent, officer, or owner of that entity in 2023. Please see Exhibit A. Because Plaintiff is resident of NH, Defendant is resident of OH, due to diversity of citizenship, the jurisdiction is at this Honorable Court. The legal issues are personal relate to Due Process, Constitution, Public Health, therefore the subject matter jurisdiction is at this Court.

[margin note: Filing Fee $405.00 Paid 9/25/25 AF Receipt # 160 836]

2. In 2025, Defendants filed an eviction action in Cleveland Municipal Court. Plaintiff was improperly named personally, despite no longer being affiliated with Sara Mellott Real Estate Dev LLC.

3. The statutory three-day notice to vacate was posted on the company's door but never personally served on Plaintiff, as required by R.C. 1923.04.

4. The eviction complaint was mailed to Plaintiff's residence in New Hampshire and was not signed by Plaintiff, but by her residential landlord, Kevin, who is not Plaintiff's agent nor an agent of Sara Mellott Real Estate Dev LLC. Plaintiff never received nor signed the complaint.

5. The municipal court nonetheless entered judgment of eviction and set a move-out date of September 26, 2025.

6. Plaintiff has been cooperating with the Cleveland Department of Public Health in investigating rodent infestation affecting the property, including a daycare and restaurants. The Health Department advised Plaintiff that her continued access to the premises is essential to install monitoring equipment.

7. If eviction proceeds, the Health Department's work will be obstructed, enabling unsafe conditions to persist and placing children and the public at risk because the rat infestation in the building is as such: in every unit from first floor to third floor, armies' rats have been traveling in between drywalls, in between the ceiling and the floor above in every unit through out the whole building, please see Exhibit B—after Defendant and their attorney lied under oath during zoom hearing at Cleveland Municipal Court by telling the court that there were rats and now there is no rat, Cleveland Security Camera Company installed cameras on the ceiling tiles in two commercial units next to Hot Pot on August

24, 2025, August 26 and August 27 footages show the rats out about in 9:00 am and 4:00 pm, rats are night animals, when they are out about through out the day from 9:00am, it indicates that the rats have taken over the whole building and feel comfortable and safe to be out about through out the day. The rat virus are deadly to people's lives.

## II. LEGAL STANDARD

A TRO may issue under Fed. R. Civ. P. 65 where the movant demonstrates: (1) likelihood of success on the merits; (2) irreparable harm absent relief; (3) that the balance of harms favors the movant; and (4) that the injunction serves the public interest. See Winter v. NRDC, 555 U.S. 7 (2008).

## III. ARGUMENT

### A. Plaintiff Is Likely to Succeed on the Merits

The eviction judgment is void ab initio as to Plaintiff because the municipal court never acquired personal jurisdiction. Plaintiff was not properly served with the three-day notice or the complaint, and she was not a tenant or agent of the company at the time of filing. Enforcement of the judgment against her violates due process under the Fourteenth Amendment. See Patton v. Diemer, 35 Ohio St.3d 68 (1988).

### B. Plaintiff Faces Irreparable Harm Without Relief

Absent a TRO, Plaintiff will be forcibly removed on September 26, 2025, causing irreparable harm to her property rights, business relationships, reputation, credit rating, and constitutional due-process rights. Courts consistently recognize that constitutional violations and wrongful eviction constitute irreparable injury.

**C. The Balance of Equities Favors Plaintiff**

Defendants will suffer little to no harm from a short delay of eviction because Plaintiff does not owe back rent. By contrast, Plaintiff faces unlawful eviction and permanent loss of rights. The equities strongly favor Plaintiff, as preserving constitutional due process and protecting public health outweigh any minimal inconvenience to Defendants.

**D. The Public Interest Supports Relief**

The public interest is served by preventing constitutional violations and protecting public health. The Cleveland Department of Public Health requires Plaintiff's cooperation to complete monitoring of rodent infestations in the building. Attached expert reports (Exhibits C and D) confirm the existence of significant rodent infestation and related illness. If eviction proceeds, the Health Department will be unable to install necessary monitoring equipment, allowing unsafe conditions to persist and placing the community at risk. Granting a TRO will ensure that constitutional rights are preserved and that public health authorities can complete their investigation.

## IV. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

1. Issue an immediate Ex Parte Temporary Restraining Order enjoining Defendants and the Cleveland Municipal Court from enforcing the September 26, 2025 writ of restitution against Plaintiff in Cleveland Municipal Court in case number 2025-CVG-009765, due to lack of personal jurisdiction, violation of due process, and urgent public health concerns;

2. Schedule this matter for a prompt hearing on a Preliminary Injunction, with notice to Defendants, at the earliest opportunity;

3. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

*[signature]*

Julia Rielinger
Plaintiff, pro se
5 Tsienneto Road, #177
Derry, NH 03038
Phone: 1-440-638-9632

Email: juliarielinger@yahoo.com