**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JULIA RIELINGER, | ) | CASE NO. 1:25-cv-2036 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| CLEVELAND CHINATOWN DEVELOPMENT LLC, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Plaintiff Julia Rielinger's Emergency Motion for Ex Parte Temporary Restraining Order and Preliminary Injunction ("TRO Motion"). (ECF No. 1). For the reasons below, the TRO Motion is **DENIED** and this action is **DISMISSED** for lack of jurisdiction.

**I.   BACKGROUND**

On July 8, 2025, Defendant Cleveland Chinatown Development LLC ("CCD") initiated an eviction action against Plaintiff and Sara Mellott Real Estate Development LLC, in Cleveland Municipal Court relating to the real property located at 2168 Rockwell Avenue Cleveland, Ohio ("Property"). Compl., *Cleveland Chinatown Dev. LLC v. Julia Rielinger*, No. 2025-CVG-009765 (Cleveland Mun. Ct. July 8, 2025). On August 25, 2025, the state court issued a Judgment Entry & Order that approved and confirmed judgment in CCD's favor on its first cause of action for Forcible Entry and Detainer and stated that a writ of restitution should be issued. J. Entry & Order, *Cleveland Chinatown Dev. LLC v. Julia Rielinger*, No. 2025-CVG-009765 (Cleveland Mun. Ct. Sept. 15, 2025). On September 16, 2025, CCD filed a writ of restitution with the state court clerk. Writ of Restitution, *Cleveland Chinatown Dev. LLC v. Julia Rielinger*, No. 2025-CVG-009765

1

(Cleveland Mun. Ct. Sept. 19, 2025). In the following week, Plaintiff filed several motions in state court in response, including a motion to vacate judgment and a motion to stay eviction. *See* Docket, *Cleveland Chinatown Dev. LLC v. Julia Rielinger*, No. 2025-CVG-009765 (Cleveland Mun. Ct.).

Plaintiff initiated the instant federal proceeding by filing the TRO Motion on September 25, 2025. (ECF No. 1). Plaintiff alleges several due process violations and requests an immediate injunction enjoining the Cleveland Municipal Court from enforcing the writ of restitution and eviction judgment against Plaintiff. (*Id.* at PageID #1–4).

## II. LEGAL STANDARD

Motions for temporary restraining orders ("TROs") and preliminary injunctions are both governed by Federal Rule of Civil Procedure 65. Under Fed. R. Civ. 65:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Courts in the Sixth Circuit examine the same factors and apply the same analysis when determining whether to grant either a TRO or preliminary injunction. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). District courts therefore assess the following four factors when determining whether to grant a TRO or preliminary injunction: (1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits; (2) whether the movant has shown irreparable injury; (3) whether the issuance of injunctive relief would cause substantial harm to others; and (4) whether the public interest would

2

be served by granting injunctive relief. *Wilson v. Williams*, 961 F.3d 829, 836 (6th Cir. 2020); *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *El Bey v. Davis*, No. 3:23-cv-2191, 2024 U.S. Dist. LEXIS 18327, 2024 WL 404489, at *1 (N.D. Ohio Feb. 2, 2024).

### III. DISCUSSION

Reviewing the TRO Motion and the related state court record, the Court finds that it lacks subject matter jurisdiction to grant the relief requested. Federal courts are courts of limited jurisdiction and "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction to review final judgments, as well as interlocutory orders, from state courts. *See Kovacic v. Cuyahoga Cnty. Dep't of Child and Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010); *RLR Investments, LLC v. City of Pigeon Forge*, 4 F.4th 380, 396 (6th Cir. 2021); *see also Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (explaining that the *Rooker-Feldman* doctrine "prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision") (internal quotation marks omitted). "[A] federal court lacks jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments." *Higgs v. Dupuis*, No. 5:19-cv-192, 2021 U.S. Dist. LEXIS 104359, at *5 (W.D. Ky. June 3, 2021); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) ("A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States.").

3

A plaintiff cannot seek to reverse the outcome of a state court foreclosure or eviction proceeding before a federal district court. *See Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 F. App'x 487, 490 (6th Cir. 2005) (affirming dismissal of a plaintiff's claims resting on premise that state foreclosure judgment was invalid); *Higgs*, 2021 U.S. Dist. LEXIS 104359, at *5 (same for a state eviction proceeding). Notably, the Sixth Circuit has held that *Rooker-Feldman* abstention does not require a state court judgment to have been finalized after the exhaustion of all appeal rights. *See RLR Invs., LLC*, 4 F.4th at 393–96; *see also T.M. v. Univ. of Md. Med. Sys. Corp.*, 139 F.4th 344, 353–54 (4th Cir. 2025) (adopting the same approach); *Parker Law Firm v. Travelers Indem. Co.*, 985 F.3d 579, 584 (8th Cir. 2021) ("Even so, that an appeal is pending in the New York state courts does not mean that a federal district court has jurisdiction to consider a parallel appeal. This court, like other circuits, has concluded that *Rooker-Feldman* applies to state court judgments that are not yet final.").

Federal courts may also raise the issue of abstention *sua sponte*. *See O'Neill v. Coughlan*, 511 F.3d 638, 642 (6th Cir. 2008) (holding that "abstention may be raised by the court *sua sponte*"); *see also Louisville Country Club v. Watts*, Nos. 97-5758 and 97-5829, 1999 U.S. App. LEXIS 7828, *7 (6th Cir. Apr. 16, 1999) ("The proper time from which to judge the applicability of *Younger* abstention is the date at which the federal complaint was filed."). "*Younger* abstention requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40–41 (1971)). "The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges."

4

*Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013). The doctrine is designed to prevent federal courts from interfering with the functions of state courts in order to preserve the principles equity and comity. *Doe v. Univ. of Kentucky*, 860 F.3d 365, 368 (6th Cir. 2017).

Here, to the extent that the state eviction action is considered pending,[1] all three factors supporting *Younger* abstention are present. "Courts have routinely held that where a plaintiff is challenging an ongoing eviction proceeding, all three factors supporting abstention are present." *Hackel v. N. Hill Farms I*, No. 25-10779, 2025 U.S. Dist. LEXIS 57533, at *3–4 (E.D. Mich. Mar. 27, 2025) (collecting cases). Eviction proceedings pending in a municipal court implicate important state interests. *See Doscher v. Menifee Circuit Court*, 75 F. App'x 996, 996–97 (6th Cir. 2003); *Dudley v. Michalak*, No. 3:08-cv-128, 2008 U.S. Dist. LEXIS 21470, at *2–3 (N.D. Ohio Mar. 19, 2008) (applying the *Younger* doctrine and abstaining from an eviction action in Toledo Municipal Court); *Leonard v. Montgomery*, No. 2:22-cv-4502, 2023 U.S. Dist. LEXIS 14897, at *4 (S.D. Ohio Jan. 27, 2023) ("Time and again, courts have held that eviction proceedings pending in a state court implicate important state interests.") (collecting cases). Plaintiff's TRO Motion has also not demonstrated that she could not raise any federal concerns she has regarding the lawfulness of the eviction and writ of restitution within the state court proceedings. *See Szarell v. Summit Cnty. Court of Common Pleas*, No. 5:18-cv-2975, 2019 U.S. Dist. LEXIS 142061, at *5–6 (N.D. Ohio Aug. 21, 2019) (finding that the third factor of *Younger* abstention was satisfied where the plaintiff failed to allege in the pleadings that the state court proceedings did not or could not provide her with an opportunity to present her federal claim).

---

[1] The state court docket indicates that this eviction action is still active, and the Judgment Entry & Order did not resolve CCD's second cause of action, setting a default hearing that has been cancelled because Plaintiff has since filed an answer. *See* Docket, *Cleveland Chinatown Dev. LLC v. Julia Rielinger*, No. 2025-CVG-009765 (Cleveland Mun. Ct.).

Finally, beyond the application of the above abstention doctrines, the Court is further barred from granting the requested relief under the Anti-Injunction Act. Under that Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or [to] effectuate its judgments." 28 U.S.C. § 2283; *see Lorillard Tobacco Co. v. Chester, Willcox & Saxbe*, 589 F.3d 835, 844 (6th Cir. 2009). None of the three exceptions apply in this case. Thus, the Court lacks subject matter jurisdiction to grant the injunctive relief requested or to otherwise intervene in the eviction proceedings in state court. *See Smith v. United States Bank Nat'l Ass'n*, No. 20-3958, 2021 U.S. App. LEXIS 25295, at *10–12 (6th Cir. Aug. 23, 2021) (holding that the Anti-Injunction Act barred a district court from granting injunctive relief related to an ongoing state-court eviction proceeding); *see also Thompson-Mckoy v. UDR, Inc.*, Civ. No. 25-00611-JRR, 2025 U.S. Dist. LEXIS 128681, at *5 (D. Md. July 8, 2025) ("[U]nder the Anti-Injunction Act (28 U.S.C. § 2283) this court lacks jurisdiction to enjoin State court eviction proceedings."); *Curtis v. Deutsche Bank*, No. 1:23-cv-12859, 2025 U.S. Dist. LEXIS 85201, at *53 (E.D. Mich. May 5, 2025) ("But this Court has 'repeatedly held that the Anti—Injunction Act bars injunctions preventing state-court eviction proceedings,' precluding Plaintiffs' requested relief." (quoting *Powers v. Bank of Am., N.A.*, 63 F. Supp. 3d 747, 752 (E.D. Mich. 2014))).

### III. CONCLUSION

For the foregoing reasons, the TRO Motion (ECF No. 1) is **DENIED,** and this action is **DISMISSED** for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Date: September 26, 2025

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**